406

Case 1:11-cv-00518-SLT-LB Document 5 Filed 03/08/11 Page 1 of 15 PageID #: 31

11-CV-518(SLT)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR - 8 2011 ★
BROOKLYN OFFICE

Rec'd 3/10/11

To: Clerk of U.S. District Court
Eastern District of New York
225 Cadmen Plaza East
Brooklyn, New York 11201

"Amended Complaint"

Docket Number: 2010P1038342

My name is Anthony Obee, I am sending this response in reference to the information I recieved from your department concerning my case. The officers that were involved whose names appear in my paperwork are officers #1 Leonardo Manosalvas, officer #2 James McSherry, officer #3 Deleon Hector, officer #4 Tomas Reyes, officer #5 George Miller, officers #6 Richard Araya, officer #7 Michael Miller, all other officers that I could not match a name to a face will be refered to in my statement as "Doe defendant" as explained by your department. The New York Police Department absolutely used excessive force during their search of the apartment. During the search and arrest I never resisted as documented in my paperwork. I did not get charged with resisting arrest, yet still the arresting officers of the 81st Precint of the NYPD used extreme and excessive force during my arrest. I was brutally attacked and stomped on my right-side of my body, on my chest and rib cage area to be specific. Also there was the painful pulling of my hair and pushing and pulling of my head and body in an excruciating manner. I was shoved and or throw into a wall face first by "Doe Defendant #1" and "Doe Defendant #2". All the while they were screaming and shouting with their guns and or firearms drawn, pointed at me. They (Doe Defendant #1 & 2) then grabbed me roughly by my hair and my collar shoving me and hitting me in my face with their guns shouting, "I will blow your fucking head off if you move!" Then one of the officers, either "Doe Defendant #1 or #2" put me in a choke hold that quickly made me feel light-headed and very dazed. At which point "Doe Defendant #1" shouted an order to "Doe Defendant #2" to, "Let him go before you kill him!" Some of the police officers of the 81st Precint wore head gear, helmets with shields attached to them. Making it extremely difficult, absolutely impossible to truly identify and or describe. After the altercation and or arrest I was in so much pain that I was hospitalized and diagnosed with a chestwall contusion by the doctors. The doctor who examined me at Woodhull Emergency Medical Center was Dr. Hasmatul, M.D. Islam at L.i.C. Medical Center. The doctor gave me a cat-scan, diagnosed my bruised muscles as a chestwall contusion and prescribed me with Acetaminophen as well as codeine 30mg to help with the healing of the bruises to my body and the extremely painful discomfort. This all took place at 190 Malcolm X Blvd, Brooklyn, N.Y. 11221, on the third floor in a neighbors apartment. I live right below in apt #2. The arrest was made upstairs in the neigbors house apt #3 by officer #2 - James McSherry.

Anthony Obee
#141014185


RECEIVED JAN 10 2011 PRO SE OFFICE

**CIVIL RIGHTS COMPLAINT**
**42 U.S.C. § 1983**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

Anthony OBEE #141-10-14852,

Full name of plaintiff/prisoner ID#

           Plaintiff,         JURY TRIAL DEMAND
                                YES___ NO ✓

-against-

NEW YORK P.D. 81st Precient.

Enter full names of defendants
[Make sure those listed above are
identical to those listed in Part III.]

           Defendants.

P.O. Leonardo Manosalvas
P.O. James Mc Sherry
P.O. Deleon Hector
P.O. Tomas Reyes
P.O. George Miller
P.O. Richard Araya

-----------------------------------------------------------x

I.    Previous Lawsuits:

    A.   Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? Yes (✓) No ( )

    B.   If your answer to A is yes, describe each lawsuit in the space below (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

       1. Parties to this previous lawsuit:

          Plaintiffs: Anthony OBEE

          Defendants: City of New York

      2. Court (if federal
         if state court, name the county) Kings

      3. Docket Number: 2010P1038342

4. Name of the Judge to whom case was assigned: _unknown_

5. Disposition: (for example: Was the case dismissed? Was it appealed? Is it still pending?) _Still Pending_

6. Approximate date of filing lawsuit: _10-6-2010_

7. Approximate date of disposition: _____

II. Place of Present Confinement: _OBCC 1600 Hazen St 11370_

   A. Is there a prisoner grievance procedure in this institution? Yes (✓) No ( )

   B. Did you present the facts relating to your complaint in the prisoner grievance procedure? Yes ( ) No (✓)

   C. If your answer is YES,

      1. What steps did you take? _____

      2. What was the result? _____

   D. If your answer is NO, explain why not _This matter did not accure on Rikers Iland._

   E. If there is no prison grievance procedure in the institution, did you complain to prison authorities? Yes ( ) No (✓)

   F. If your answer is YES,

      1. What steps did you take? _____

      2. What was the result? _____

III. Parties:

(In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of plaintiff __Anthony OBEE__  #141-10-14852

Address __OBCC 1600 Hazen St E. Elmhurst NY 11370__

(In item B below, place the full name and address of each defendant)

B. List all defendants' names and the addresses at which each defendant may be served. Plaintiff must provide the address for each defendant named.

Defendant No. 1 __The 81st Precient__
__Leonardo Manosalvas__

Defendant No. 2 __the 81st Precient__
__James McSherry__

Defendant No. 3 __the 81st Precient__
__Deleon Hector__

Defendant No. 4 __the 81st Precient__
__Tomas Reyes__

Defendant No. 5 __the 81st__
__George Miller__

__the 81st Tomas Reyes__

[Make sure that the defendants listed above are identical to those listed in the caption on page 1].

__The 81st Richard Aracya__

IV.   Statement of Claim:

(State briefly and concisely, the facts of your case. Include the date(s) of the event(s) alleged as well as the location where the events occurred. Include the names of each defendant and state how each person named was involved in the event you are claiming violated your rights. You need not give any legal arguments or cite to cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. You may use additional 8 ½ by 11 sheets of paper as necessary.)

My name is Anthony Obee. On approximatly 9/23/10 at 190 Macolm X Blvd, Bklyn N.Y. apt #2. There are (Three) Floors in the Bldg. I was on the third Floor at a Neighbors house, When the S.W.A.T. or N.Y.P.D. 81st precient, names of officers are not available at this time. (officers) Preceded to kick open my Neighbors front door, Then kicked open her Bedroom door they then threw me on the floor kicking and stomping on my right side using excessive force to the point were they gave me a (Chest wall Contusion) were I went to the Hospital with a Bruise to the muscles between the Ribs. I was seen at WoodHull Emergency medical center where a doctor Prescribed me with Acetaminophen and codeine 30mg. I was treated By Doctor. Hasmatul, M.D. Islam at L.I.C. medical center.

IV. A   If you are claiming injuries as a result of the events you are complaining about, describe your injuries and state what medical treatment you required. Was medical treatment received? I was Beaten and assaulted as a result I was treated for Shortness of Breath due to the Beating I was given a Cat-Scan and diagnosed with a Chest wall Contusion As a result of this abuse. and Placed on medication

V. Relief:

State what relief you are seeking if you prevail on your complaint.

Punitive Dameges and Compensation for Unnessery action's.

I declare under penalty of perjury that on  12/27/2010 , I delivered this
(Date)
complaint to prison authorities to be mailed to the United States District Court for the Eastern District of New York.

Signed this 27 day of DECember , 20 10. I declare under penalty of perjury that the foregoing is true and correct.

_____ #141-10-14852
Signature of Plaintiff

O.B.C.C. 1600
Name of Prison Facility

HAZEN St East, Elmhurst New york 11370
Address

141-10-14852
Prisoner ID#

Woodhull Medical and Mental Health center
Emergency Department
760 Broadway
Brooklyn, NY 11206
718-963-8442

Anthony Obee
PatID: 4055094  Age: 48
Acct#: 4055094-1  DO...
Printed: 09/24/2010
By: Hasmatul M. Isl...

# After Care Instructions

INSTRUCTIONS

*Instructions For: Chest Wall Contusion*

1. You have been diagnosed with a chest wall contusion (bruise).

2. A chest wall contusion is a bruise to the muscles between the ribs. A contusion is another word for a bruise. This condition is painful because every breath moves the injured area. This condition is not dangerous by itself, but once in a while complications like pneumonia or a collapsed lung occur. Your pain should gradually decrease over this time.

3. Do not bind or tape your ribs. Although binding or taping them may decrease the pain, it also increases the chance you will develop pneumonia.

4. Cough and deep breathe at least 10 times an hour while you are awake. Supporting the injured area with a pillow or your hand decreases the pain. Use pain medications as prescribed to control the pain so you can breathe normally and do your coughing and deep-breathing exercises. Doing these exercises will help prevent pneumonia.

5. YOU SHOULD SEEK MEDICAL ATTENTION IMMEDIATELY, EITHER HERE OR AT THE NEAREST EMERGENCY DEPARTMENT, IF ANY OF THE FOLLOWING OCCURS:
   - Shortness of breath, such as difficulty breathing or wheezing.
   - Increasing pain not controlled by your pain medications.
   - Signs of pneumonia such as fever, cough (especially a cough that produces yellow-green mucus).
   - No improvement over the next few days.

FOLLOW UP

Return if condition worsen. follow up with pmd in 3 days. Have the reult of CT from this hospital and follow up with your PMD ( Dr. Rama Reddy).

STATEMENT

I certify that I have received a copy of the above after-care instructions; that these instructions have been explained to me; and that all of my questions pertaining to these instructions have been answered in a satisfactory manner.

Patient/Representative Signature: _____  Staff Signature: _____  Date: 09/24/2010

PATIENT COPY

NYC HHC Woodhull Medical and Mental Health Center
760 Broadway Brooklyn, NY 11206
(718) 963-8000 clinic: Surgical ER

Date: 24 Sep 2010
MR#: 4055094    Pt: Obee, Anthony    Age: 48Y
Sex: M Addr: 190 Malcolm X New York, NY 10019
DOB: 10/15/1961

Rx All prescriptions filled by the Woodhull Medical and Mental Health Center

Pharmacy will be filled generically, when available.

Acetaminophen 300 mg and Codeine PO4 30 mg Tablet
1 tab po
q4h process if pain
Max. 4g in 24hrs

Quantity: 30    (thirty)    Refills: 0
                            Max Daily Dose ____
Signature x _____
Islam, Hasmatul, MD         NPI#: 1881600294
NY Lic #: 210805            DEA #: *hf5917414*

THIS PRESCRIPTION WILL BE FILLED GENERICALLY UNLESS PRESCRIBER WRITES 'DAW' IN BOX BELOW

036D79 43

Pharmacist
'est Area:

Dispense As Writ



Woodhull Medical and Mental Health Center
Patient Instructions

Dear Patient,
*This is a prescription. Please bring it to your pharmacy for filling.
*Please do not separate the sections of this prescription prior to going to the pharmacy.
*When you go to the pharmacy      first time, the pharmacist will give y    ack    bottom portion of each prescri    on.    is    your "Refill Authorization Co    fo    to retain.
*If you have any q    s,    ase call the main Pharmacy number    you    esc    ption.

Estimado Pac    te
Esto es una re    ta.    favor, traigala a su farmacia    pacher. No separe las secciones de esta rece    s de ir a la farmacia. Alli le devolveran una copia que autoriza renovaciones adicionales si aplica en su caso. Usted debe retener dicha copia para obtener mas medicinas. Si tiene alguna pregunta, por favor, llame al Departamento de Farmacia al numero que esta en su receta.



Anthony Obee
#110114852
BCC 1600 Hazen Street
E. Elmhurst
New York 11370

**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF NEW YORK
PRO SE OFFICE
U.S. COURTHOUSE
225 CADMAN PLAZA EAST
BROOKLYN, NEW YORK 11201

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

Date: Jan, 10, 2011    ★ **JAN 31 2011** ★

**BROOKLYN OFFICE**

Dear Litigant: Mr. Obee

The Court's Pro Se Office received the enclosed papers on Jan 10, 2011 . The papers are being returned to you for one or more of the following reasons checked below. Please read this list carefully to correct any mistakes or omissions in your papers. If you decide to proceed with your action, you must return the enclosed papers **WITHIN 14 DAYS FROM THE DATE OF THIS LETTER** for processing (together with this letter).

☐ Papers, including complaints, petitions, motions or any other document, cannot be filed without an original signature pursuant to Rule 11 of the Federal Rules of Civil Procedure. Your original signature is needed wherever an "X" appears.

☐ A filing fee of $350 [in cash if submitted in person] or by certified check or money order made payable to the Clerk of Court, U.S.D.C.,E.D.N.Y. is required in order to commence a civil action other than an application for a writ of habeas corpus. 28 U.S.C. § 1914. You may request to waive the filing fee by submitting an *in forma pauperis* application (also known as IFP). 28 U.S.C. § 1915. If you are a prisoner, you must also submit the Prisoner Authorization form along with the IFP application. An IFP and/or Prisoner Authorization form is enclosed.

☐ Each plaintiff named in the caption must sign the complaint and each plaintiff must submit a separate *In forma pauperis* (IFP) application and/or Prisoner Authorization form, if applicable.

☒ Your *in forma pauperis* (IFP) application does not contain enough information for the Court to consider your request. Please fill out the enclosed IFP application. If you are presently incarcerated, please complete the enclosed Prisoner Authorization form as well as the IFP application.

☐ Other: _____

Sincerely,

Pro Se Writ Clerk
(718) 613-2665

Enclosure(s)

rev. 4/06   IFP, PLRA Form

```
FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ FEB 15 2011 ★

BROOKLYN OFFICE
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ANTHONY OBEE,

        Plaintiff,

-against-

NEW YORK P.D. 81st PRECINCT,

        Defendant.
----------------------------------------X

**MEMORANDUM AND ORDER**

11-CV-518 (SLT)(LB)

TOWNES, United States District Judge:

    Plaintiff Anthony Obee, who is currently incarcerated in the Otis Bantum Correctional Center ("OBCC") on Rikers Island, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 ("§ 1983"). Plaintiff's application to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. However, for the reasons set forth below, plaintiff is directed to amend his complaint within 30 days in accordance with this Order.

### *BACKGROUND*

    Plaintiff alleges that he was inside a neighbor's apartment on September 23, 2010, at 190 Malcolm X Boulevard in Brooklyn, when police officers broke into the apartment (Complaint § IV). The officers allegedly kicked open the door of the room in which plaintiff was located and threw him on the floor, "kicking and stomping on [his] right side [and] using excessive force ..." (*Id.*). Plaintiff suffered a chest wall contusion and shortness of breath, for which he was treated at Woodhull Medical Center and prescribed pain-killers (*Id.*; Exhibits).

    On December 27, 2010, plaintiff commenced this action by delivering a form Civil Rights Complaint to prison authorities at OBCC. Although plaintiff's complaint states that the names of the officers are unknown to him at present, plaintiff believes that they were either members of a

S.W.A.T. team or officers from the 81st Precinct of the New York Police Department. However, while the complaint indicates that this action is brought under 42 U.S.C. § 1983, plaintiff does not name any of the police officers as "John Doe" defendants. Instead, the caption of plaintiff's complaint lists the defendant(s) as "New York P.D. 81st Precient [sic]," and the body of the complaint states that the defendant as "The 81st Precient [sic]." Complaint, ¶ III.B.

## DISCUSSION

Title 28 of the United States Code, § 1915A requires this Court to review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof. The Court is required to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

In reviewing plaintiff's complaint, the Court is mindful that a document filed by an unrepresented (or *pro se*) litigant is "to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). "This is particularly so when the *pro se* plaintiff alleges that [his] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). The "dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." *Boykin v. KeyCorp.*, 521 F.3d 202, 216 (2d Cir.2008). If a liberal reading of the complaint "gives any

2

indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

In this case, plaintiff's complaint suggests that plaintiff may be able to state a cause of action under 42 U.S.C. § 1983, albeit not against the New York Police Department and/or the 81st Precinct. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 16 § 396. Accordingly, neither the New York Police Department nor an individual precinct may be sued under § 1983. *See, e.g., Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (New York Police Department not a suable entity); *Wingate v. City of New York*, No. 08 CV 217, 2008 WL 203313, at *2 (E.D.N.Y. Jan. 23, 2008) (police precinct is not a suable entity).

Although the City of New York is a suable entity, it also seems unlikely that plaintiff can state a valid cause of action against the City. To prevail on a claim against a municipality under § 1983 based on acts of a public official, a plaintiff is required to prove, among other things, that an official policy of the municipality caused the constitutional injury. *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) (citing *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)). The "official policy" requirement "derives from the principle that 'a municipality may not be held liable under § 1983 solely because it employs a tortfeasor.'" *Ambrose v. City of New York*, No. 02 CV 10200, 2009 WL 890106, at *6 (S.D.N.Y. Mar. 31, 2009) (quoting *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)). Instead, "a plaintiff must demonstrate

that, through its deliberate conduct, the municipality was the 'moving force' behind the alleged injury." *Roe*, 542 F.3d at 37 (quoting *Bd. of County Comm'rs*, 520 U.S. at 404).

Here, plaintiff's complaint does not allege facts suggesting that plaintiff suffered any damages as a result of a policy or custom of the City of New York, so it seems unlikely that plaintiff can state a cause of action against the City. Plaintiff may, however, be able to state a § 1983 cause of action against those police officers who allegedly broke into the apartment and used excessive force. To the extent that plaintiff wishes to bring a § 1983 action against these officers, he should list them as the defendants in the caption and in the body of the complaint. Since plaintiff does not yet know the names of these officers, he should identify each of them as a "Doe Defendant" – for example, John Doe Police Officer #1, John Doe Police Officer #2, etc.

In order to facilitate identification and service of process upon these Doe Defendants, plaintiff must provide as much information about these defendants as possible. For example, plaintiff should provide a physical description of each Doe Defendant, identify the roles each Doe Defendant played in the incident, specify the approximate time of the arrest and provide any additional details that may help identify the officers alleged to be involved. Provided that plaintiff provides enough details concerning these "Doe Defendants," this Court can request the Corporation Counsel of the City of New York to assist in ascertaining the full names of these defendants. *See Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam).

## *CONCLUSION*

For the reasons set forth above, plaintiff is directed to amend his complaint to substitute as defendants the individual police officers involved in the allegedly unconstitutional acts.

4

Plaintiff may name each of the officers who allegedly used excessive force as a "Doe Defendant," but should supply as much information about each individual officer as he can.

The amended complaint, which must be captioned, "Amended Complaint," and bear the same docket number as this Order, shall be filed within 30 days of the date of this Order. If plaintiff fails to file an amended complaint, his complaint may be dismissed without prejudice. No summonses shall issue at this time, and all further proceedings shall be stayed for 30 days. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: February 14, 2011
Brooklyn, New York

5

From Mr. Qui Mary Gee #14110148SZ
O.B.C.C.
1600 Hazen Street
East Elmhurst, NY
11370

To Clerk of U.S. District Court
Eastern District of New York
Cadman Plaza East
Brooklyn, N.Y. 11201

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR - 8 2011 ★
BROOKLYN OFFICE

1120131832

